UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APRIL WASHINGTON; JORDAN WASHINGTON,<br><br>                    Plaintiffs,<br><br>         -against-<br><br>UNITED STATES; FEDERAL ADMINSTRATION EMPLOYEES; UNITED STATES DISTRICT OF COLUMBIA SUPREME COURT,<br><br>                    Defendants. | 21-CV-9518 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff April Washington, who is appearing *pro se*, brings this action on behalf of herself and Jordan Washington. She invokes the Court's federal question and diversity jurisdiction and asserts that Defendants violated their rights. By order dated January 27, 2022, the Court granted Plaintiff April Washington's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff April Washington, who resides in Syracuse, New York, brings this action asserting claims arising from the appeals of two civil actions she filed in the United States District Court for the Eastern District of Virginia. She also names Jordan Washington as a plaintiff, but the complaint and attachments, with a few exceptions, generally refer to actions taken in cases filed by April Washington. The Court in describing the alleged claims below, refers to April Washington as the only plaintiff.

Plaintiff names as Defendants in this action the United States, the "Federal Administration of Employees," and the "United States District of Columbia Supreme Court."

(ECF 2, at 1.) She makes it clear in the complaint, however, that she is actually suing "Supreme Court of the United States Federal Employees Pubic [sic] Servants." (*Id*. at 4.) Plaintiff alleges that Defendants violated her rights under the Fourteenth Amendment.

The following information is taken from the complaint and attachments. Plaintiff "filed a lawsuit" against the Commonwealth of Virginia in the Supreme Court of the United States.[1] (*Id*. at 5.) In March 2020, she received a decision from Scott S. Harris, the Clerk of Court for the Supreme Court, denying her petition for a writ of *certiorari* without explanation. Plaintiff then "realized the title was fraudulent on the letter of denial" and contacted the Supreme Court about the fraudulent title, but could not get a straight answer. (*Id*. at 5.) She then researched the matter on the Supreme Court's public database, only to discover other fraudulent activities, including the following: (1) a letter stating that a judges conference was held on March 20, 2020, rather than the actual date of March 19, 2020; (2) the placement of her lawsuit against the Commonwealth of Virginia "deep in the court database" under a fraudulent date, with the wrong month and year; and (3) the discovery of two other cases with the identical Supreme Court docket number (No. 19-7328) as her case, which is "FRAUD ON THE COURT." (*Id*.)

Plaintiff brings this action asserting the following injuries:

The plaintiffs lost their home due to the violation of the fourth amendment via Commonwealth of VA ( This complaint will be on a seperated [sic] form) April Washington had a nervous breakdown, had to be hospitalized blood pressure went up to 200/200. I had to take medication that I never had to take before for

---

[1] According to the Public Access to Court Electronic Records (PACER) system, in 2018, Plaintiff under the name of April Taylor filed two cases in the Eastern District of Virginia. The district court dismissed the cases and the United States Court of Appeals for the Fourth Circuit dismissed her subsequent appeals. *See Taylor v. City of Colonial Heights*, No. 3:18-CV-0254, 2018 WL 11277409 (E.D. Va. July 27, 2018), *appeal dismissed*, 775 F. App'x 129; (4th Cir. Aug. 22, 2019); *Taylor v. Irving*, No. 3:18-CV-0474 (E.D. Va. Sept. 26, 2018), *appeal dismissed*, 777 F. App'x 682 (4th Cir. Sept. 26, 2019). Plaintiff then sought *certiorari* for both cases in the Supreme Court, and on March 23, 2020, the Supreme Court denied her petition for a writ of *certiorari*. *See Taylor v. City of Colonial Heights, Virginia*, No. 19-7328, 140 S. Ct. 2528 (2020).

> depression. I hold the Federal Government, state and local Public Servants completely Responsible for this gross obstruction of justice.

(*Id*. at 6.) As well as seeking money damages for the alleged constitutional violations, Plaintiff also seeks relief from the judgment in her case against the Commonwealth of Virginia under Rule 60(b) of the Federal Rules of Civil Procedure. She further seeks relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, and mandatory arbitration of her claims.

## DISCUSSION

### A.   Claims on behalf of Jordan Washington

Plaintiff April Washington, who is proceeding *pro se*, brings this action on behalf of Jordan Washington, who has not signed the complaint and did not submit an IFP application. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" (citations omitted)); *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a *pro se* prisoner to bring a class action on behalf of fellow inmates). The Court therefore dismisses any claims on behalf of Jordan Washington without prejudice. All references to Plaintiff in this order are to April Washington.

### B.   Judicial Immunity

Plaintiff brings this action against the United States and two entities that do not exist – the "Federal Administration of Employees," and the "United States District of Columbia Supreme Court." She makes it clear, however, that she brings this action against the Supreme Court of the United States and its employees for alleged improprieties in her case against the

Commonwealth of Virginia, particularly the decision denying her petition for a writ of *certiorari*, which she considers fraudulent.

Under the doctrine of judicial immunity, judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). This immunity extends to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an " integral part of the judicial process" and are generally entitled to absolute immunity). Judicial immunity does not apply when the judge acts "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10. But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

Plaintiff brings claims against the Supreme Court and its employees for issuing an allegedly fraudulent decision denying her petition for a writ of *certiorari*, not answering her questions regarding the decision, and other alleged improprieties she found on the docket of her case, including the discovery of additional cases with the same docket number as her case. All of

those matters are essentially "judicial" in nature because they are an integral part of the judicial process. The Supreme Court's issuance of decisions and management of its docket are part of the process of adjudicating cases. Plaintiff's grievances concerning the Supreme Court's and its employees' actions appear to be fueled by her dissatisfaction with the adverse decision in her underlying case, the very situation that judicial immunity is meant to cover. *See Forrester v. White*, 484 U.S. 219, 226 (1988) (explaining that judicial immunity is necessary because "the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have").

Because Plaintiff brings claims for "acts arising out of, or related to, individual cases" before the Supreme Court, her complaint is precluded by judicial immunity.[2] *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's complaint under the doctrine of judicial immunity and as frivolous.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d

---

[2] Plaintiff's complaint could also be dismissed under the doctrine of sovereign immunity, which precludes suits against the United States or its agencies unless there has been an explicit waiver by the government. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586, (1941). Plaintiff does not allege, and it does not appear, that the United States or the Supreme Court has waived its immunity from suit in connection with the alleged violations.

The FTCA, to which Plaintiff cites, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The FTCA requires administrative exhaustion before a suit may be brought in federal court, and "[t]his requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2d Cir. 2005); Plaintiff does not allege any facts suggesting that she has complied with the FTCA's procedural requirements before filing this action. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). And even if Plaintiff had exhausted all administrative proceedings, the FTCA does not waive sovereign immunity for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

[3] The Court also denies Plaintiff's request for relief under Rule 60(b) of the Federal Rules of Civil Procedure from the Eastern District of Virginia's judgment in her case. A motion for

Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii). Any claims on behalf of Jordan Washington are dismissed without prejudice. All other matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

relief from judgment under Rule 60(b) must ordinarily be filed in the district court where the original judgment was entered. *See Caron v. TD Ameritrade*, No. 19-CV-9015 (AJN), 2020 WL 7027593, at *3 (S.D.N.Y. Nov. 30, 2020) ("Rule 60(b) allows for a federal district court to set aside a judgment that was rendered in that court."); *Cf. United States v. Foy*, 803 F.3d 128, 135 (3d Cir. 2015) ("There may be circumstances in which a district court has jurisdiction over a Rule 60 motion or an independent action seeking relief from a judgment entered by another court, such as where a party to initial proceedings registers a judgment obtained in another court pursuant to 28 U.S.C. § 1963.").

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: February 7, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge